UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| INTERACTIVE FITNESS HOLDINGS, LLC, a Delaware Company, | ) Case No.: 10-CV-04628-LHK ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ICON HEALTH & FITNESS, INC., a Delaware corporation, | ) ORDER GRANTING MOTION TO ) TRANSFER AND TRANSFERRING ) CASE |
| Defendant. | ) ) |

Defendant ICON Health & Fitness, Inc. (ICON) moves to dismiss this action or, in the alternative, transfer this case to the District of Utah.  *See* Motion (Dkt. No. 13).  The Court finds this matter suitable for decision without oral argument.  *See* Civil Local Rule 7-1(b).  Accordingly, the hearing on this motion, set for April 7, 2011, is hereby VACATED.  For the reasons set forth below, the Court GRANTS ICON's motion to transfer and transfers the case to the District of Utah. Accordingly, the Case Management Conference set to follow the April 7, 2011 hearing is likewise VACATED.

I.      Introduction and Background

Plaintiff Interactive Fitness Holdings, LLC (Interactive) filed this declaratory judgment action on October 13, 2010, seeking declaratory judgment of non-infringement of two U.S. patents, number 6,447,424 ('424 Patent) and 6,808,472 ('472 Patent) (together, the Patents in Suit).  *See*

1

Case No.: 10-CV-04628-LHK
ORDER TRANSFERRING CASE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Compl. (Dkt. No. 1).  The Patents in Suit are owned by ICON.[1]  In its Complaint, Interactive notes that in January, 2008, ICON sued third party Fisher Price, Inc. in the District of Utah, asserting infringement of the '424 Patent.[2]  Compl. ¶ 12; *Icon Health & Fitness, Inc. v. Fisher-Price, Inc. and Expresso Fitness Corp.,* No. 1:08-CV-10 TS (the Utah action).  The Utah action is still pending in the District of Utah. *Id.*; *see* Utah action, Dkt. No. 1.  On June 16, 2008, ICON filed a First Amended Complaint in the Utah action, adding allegations of infringement of the '424 Patent against defendant Expresso Fitness Corp. (Expresso).  *See* Utah action, Dkt. No. 10.  On June 30, 2008, Fisher-Price settled the claims asserted against it in the Utah action, leaving Expresso as the sole defendant.  *See* Utah action, Dkt. No. 11.  On September 8, 2009, ICON filed a Second Amended Complaint in the Utah action, adding allegations of infringement of the '472 Patent against Expresso.  *See* Utah action, Dkt. No. 32.  In November, 2009, Interactive purchased Expresso's assets at a foreclosure sale.  Compl. ¶ 14.  Interactive expressly disclaimed any assumption of Espresso's debts or liabilities.  Compl. ¶ 17.  Interactive continues to sell the exercise cycles accused of infringing the Patents in Suit.  *See* Opp'n at 4.

On September 27, 2010, ICON moved to substitute Interactive for Expresso in the Utah action, arguing that Interactive "is now selling the same infringing bikes that Expresso was selling."  *See* Motion to Substitute (Compl. Ex. 3).  On October 13, 2010, Interactive filed the instant action, citing ICON's allegations in the Utah action as evidence of the "substantial controversy between the parties" and denying infringement of the Patents in Suit.  Interactive did

---

[1] ICON states in its Motion and Reply that Expresso transferred "the Patents in Suit" (defined as the '424 and '472 Patents) to Interactive.  *See* Mot. at 3; Reply at 2.  If Interactive actually owns the Patents in Suit, there would appear to be no case or controversy for either the Utah court or this Court, as Interactive is not entitled to a declaratory judgment that it does not infringe its own patents.  However, this contention is inconsistent with the pleadings in both actions and with other statements in both parties' briefs.  The Court therefore assumes that these statements by ICON are in error.

[2] Interactive's Complaint in the instant case is not always accurate in its description of the claims asserted in the Utah action.  For example, the Complaint states that ICON sued both Fisher Price, Inc. and Expresso Fitness Corp. in the Utah action in January 2008, but in fact, Expresso Fitness Corp. was not added as a defendant in the Utah case until the filing of a First Amended Complaint on June 16, 2008.  *See* Utah action, Dkt. No. 10.  The Court relies on the record in the Utah action in setting forth the background facts.  *See* Fed. R. Evid. 201(b).  Regarding Interactive's Request for Judicial notice of other materials, including statistics regarding the time from filing to resolution of cases in different judicial districts, and of print-outs from the ICON website, the Court finds that these materials are irrelevant to the questions presented here and therefore Interactive's request is DENIED.

2

Case No.: 10-CV-04628-LHK
ORDER TRANSFERRING CASE

1   not serve ICON with the Complaint until January 11, 2011.  ICON filed its Motion to dismiss or

2   transfer on January 26, 2011.  The District of Utah court recently denied ICON's motion to

3   substitute Interactive for Expresso based on its finding that Interactive has no successor liability to

4   Expresso.  *See* Order dated February 21, 2011 (Utah action, Dkt. No. 61).

5       II.       Legal Standard

6       The first-to-file rule is a "generally recognized doctrine of federal comity which permits a

7   district court to decline jurisdiction over an action when a complaint involving the same parties and

8   issues has already been filed in another district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.,* 678 F.2d

9   93, 94-95 (9th Cir. 1982).  This rule promotes judicial efficiency and prevents the risk of

10  inconsistent decisions that would arise from multiple litigations of identical claims.  Accordingly, it

11  "should not be disregarded lightly."  *Alltrade, Inc. v. Uniwield Products, Inc.,* 946 F.2d 622, 625

12  (9th Cir. 1991).  At the same time, it is "not a rigid or inflexible rule to be mechanically applied,

13  but rather is to be applied with a view to the dictates of sound judicial administration."  *Pacesetter,*

14  678 F.2d at 95.  Thus, the Ninth Circuit has recognized exceptions to the first-to-file rule under

15  various circumstances, such as bad faith, anticipatory suit, and forum shopping.  *Alltrade,* 946 F.2d

16  at 628.  A court may also decline to apply the first-to-file rule when the balance of convenience

17  weighs in favor of the later-filed action.  *See id.* at 628.  The Federal Circuit has made clear that the

18  first-to-file rule applies to patent cases and thus likewise requires deference to the first-filed action

19  unless there is "sound reason that would make it unjust or inefficient to continue the first-filed

20  action."  *Genentech, Inc. v. Eli Lilly & Co.,* 998 F.2d 931, 938 (Fed.Cir. 1993).

21      III.      Application

22      In applying the first-to-file rule, a court first looks at three threshold factors: (1) the

23  chronology of the two actions; (2) the similarity of the parties; and (3) the similarity of the issues.

24  *See Alltrade,* 946 F.2d at 625.  Here, Interactive does not dispute that the Utah action was filed

25  first, and that precisely the same issues (infringement of the same Patents in Suit by the same

26  accused product) are raised in both actions.  Therefore, the only question is whether Expresso and

27  Interactive are "substantially similar" parties for first-to-file purposes.  *See Fossum v.*

28  *Northwestern Mut. Life Ins. Co.,* No. C 10-2657 SI, 2010 U.S. Dist. LEXIS 99904 at *5 (N.D. Cal.

3

1   Sept. 16, 2010) ("Exact parallelism between the two actions need not exist; it is enough if the

2   parties and issues in the two actions are substantially similar.") (internal citations and quotations

3   omitted).

4          ICON cites several cases from outside this district where district courts have concluded that

5   legally distinct entities were sufficiently similar for first-to-file purposes based on their activities.

6   For example, in *Advanta Corp. v. Visa U.S.A.*, Inc., No. 96-7940, 1997 WL 88906 at *2-*3 (E.D.

7   Pa. Feb. 19, 1997), the first-filed complaint was brought by Visa against American Express based

8   on its partnership with Advanta (a separate entity), but Advanta was not as a defendant.  Two days

9   later, Advanta sued Visa in a different forum, alleging anti-trust violations based on the same

10  controversy raised in the first complaint.  The court found that "the first-filed rule turns on which

11  court first obtains possession of the subject of the dispute, not the parties of the dispute" and

12  transferred the anti-trust suit to the district where the first-filed case was pending.  *Advanta*, 1997

13  WL 88906 at *3.

14         Similarly, in *Horton Archery, LLC, v. Am. Hunting Innovations, LLC,* No. 5:09CV1604,

15  2010 WL 395572 at *5 (N.D. Ohio Jan. 27, 2010), the court applied the first-to-file rule in a

16  situation very similar to the one presented here.  American Hunting Innovations (AHI) originally

17  sued defendant Horton Manufacturing for patent infringement.  *Id.* at *1.  Shortly before this suit

18  was initiated, Horton Manufacturing had entered receivership.  Its assets were subsequently sold to

19  another party, Horton Archery.  *Id.*  Horton Archery filed a declaratory judgment action asserting

20  non-infringement of the AHI patents asserted in the Horton Manufacturing case; subsequently,

21  AHI moved to amend its complaint to add Horton Archery as a defendant.  *Id.* at *1.  Even

22  assuming that the defendant in the first-filed case had no "legal relationship" to Horton Archery,

23  the court concluded that the original patent infringement case "certainly and without question"

24  gave the first court possession of the issues presented by both matters. Id. at *5.  Accordingly, the

25  case was transferred.  *Id.* at *5-*7.

26         Likewise, a court in Eastern District of Pennsylvania transferred a declaratory judgment

27  action brought by a drug distributor where a previous action asserting the same patents against the

28  same product was brought against the drug's manufacturer.  *See Shire U.S., Inc. v. Johnson*

*United States District Court*
*For the Northern District of California*

4

1    *Matthey*, *Inc*., 543 F. Supp. 2d 404, 409 (E.D. Pa. 2008).  Even though the manufacturer and

2    distributor were legally distinct entities, the court found that the first-to-file rule applied, holding

3    that "the substantive touchstone of the first-to-file inquiry is subject matter."  *Id*.

4            Interactive argues that ICON has failed to identify any authority holding that legally

5    unrelated companies can constitute "substantially similar" entities under the first-to-file analysis,

6    but as outlined above, several courts have resolved this question in ICON's favor.  In fact,

7    Interactive has failed to cite any factually similar cases in which a court found that the first-filed

8    action was not sufficiently related for "first-to-file" status where, as here, the issues raised in the

9    two matters are *exactly the same*.  Thus, this Court finds that Interactive's purchase of Expresso's

10   assets, including the accused product, and its continued sale of that product, support a finding of

11   substantial similarity between Expresso and Interactive for purposes of the first-to-file rule.[3]

12   Therefore, the Court concludes the Utah action is the first-filed case for purposes of the first-to-file

13   rule.

14           The first-to-file rule is flexible, and exceptions to it are "not rare."  *Genentech v*. *Eli Lilly &*

15   *Co*., 998 F.2d at 937.  However, any such exception must be justified by a "sound reason that

16   would make it unjust or inefficient to continue the first-filed action."  *Id*. at 938.  Interactive argues

17   that its convenience in litigating the dispute, including the convenience of its employee witnesses,

18   access to sources of proof, and the parties' contacts with this forum, support this Court's retention

19   of the case.  However, as this Court has previously held, considerations such as these cannot trump

20   the judicial efficiency considerations which underlie the first-to-file rule.  *Aliphcom v*. *Wi-LAN,*

21   *Inc.,* No. 10-cv-02337-LHK, 2010 U.S. Dist. LEXIS 123295 at *8-9 (N.D. Cal. Nov. 10, 2010)

22   (aff'd, 2011 U.S. App. LEXIS 2604 (Fed. Cir. Feb. 9, 2011) (citing *In Re Vistaprint*, 628 F.3d

23   1342, 1346-47 (Fed. Cir. 2010) (finding that co-pending litigation in the same judicial district

24   "involving the same patent and underlying technology," provides a "substantial justification" for

25   retaining the case).  The Federal Circuit has held that "the existence of multiple lawsuits involving

26

27   [3] The fact that the District of Utah denied ICON's motion to substitute Interactive for Expresso is
     not relevant to this question.  The Utah court's decision turned on whether or not Interactive would
28   be liable for Expresso's prior infringement, not on whether the parties should be considered
     substantially similar in applying the first-to-file rule.

Case No.: 10-CV-04628-LHK
ORDER TRANSFERRING CASE

1   the same issues is a paramount consideration when determining whether a transfer is in the interest

2   of justice." *In re Volkswagen of Am., Inc.*, 566 F.3d 1349, 1351 (Fed. Cir. 2009). If the Utah

3   action and the instant case were to proceed in both courts, duplicative and potentially inconsistent

4   claim construction and infringement analyses would inevitably result. The first-to-file rule exists

5   to prevent this situation, and the Court finds that it is properly applicable here.

6          IV.     Conclusion

7          Accordingly, ICON's motion is GRANTED, and this case is hereby transferred to the

8   District of Utah for consolidation with the Utah action, Case No. 1:08-CV-10 TS.

9   **IT IS SO ORDERED.**

10   Dated: April 5, 2011

11                                                        LUCY H. KOH
                                                          United States District Judge

Case No.: 10-CV-04628-LHK
ORDER TRANSFERRING CASE